UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| Plaintiff, | 3:07-cr-0095-LRH-VPC |
| v. | |
| PEDRO ALEGRIA-GONZALEZ | ORDER |
| Defendant. | |

Before the court is defendant Pedro Alegria-Gonzalez's ("Alegria-Gonzalez") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Doc. #32. The United States filed an opposition to the motion. Doc. #36.

**I.  Facts and Procedural History**

On November 28, 2007, Alegria-Gonzalez was indicted on a single charge of unlawful reentry by a deported alien in violation of 8 U.S.C. § 1326. Doc. #1. On February 4, 2008, Alegria-Gonzalez pled guilty to the charge without a plea agreement. Doc. #16. He was subsequently sentenced to forty-one (41) months imprisonment. Doc. #18.

Alegria-Gonzalez appealed (Doc. #20) and the Ninth Circuit denied his claims and affirmed his conviction and sentence (Doc. #28). Thereafter, Alegria-Gonzalez, acting *pro se*, filed the present motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Doc. #32.

///

**II.     Discussion**

Pursuant to 28 U.S.C. § 2255, a prisoner may move the court to vacate, set aside, or correct a sentence if "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255; 2 Randy Hertz & James S. Liebman, Federal Habeas Corpus Practice and Procedure § 41.3b (5th ed. 2005).

The Sixth Amendment to the Constitution provides that criminal defendants "shall enjoy the right to have the assistance of counsel for his defense." U.S. Const. Amend. VI. To establish ineffective assistance of counsel, a petitioner must show that his counsel's performance was deficient, and that petitioner was prejudiced as a result of counsel's deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In determining whether counsel's performance was deficient, the court must examine counsel's overall performance, both before and at trial, and must be highly deferential to the attorney's judgments." *Quintero-Barraza*, 78 F.3d at 1348 (citing *Strickland*, 466 U.S. at 688-89) (internal quotations omitted). Once a petitioner has established that counsel's performance was deficient, the petitioner "must then establish that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*.

In his motion for relief under § 2255, Alegria-Gonzalez argues that his counsel was constitutionally ineffective because at the sentencing hearing his counsel failed to request a downward departure based on his status as a deportable alien. *See* Doc. #32.

The court has reviewed the documents and pleadings on file in this matter and finds that Alegria-Gonzalez argument is without merit. Alegria-Gonzalez bases his entire argument on the assumption that because he was a deportable alien he was entitled to a downward departure. However, the Ninth Circuit has foreclosed Alegria-Gonzalez's argument and held that a

defendant's status as a deportable alien is *not* a ground for a downward departure when the defendant was convicted of violating 8 U.S.C. § 1326(a), the underlying charge in this action. *United States v. Martinez-Ramos*, 184 F.3d 1055, 1058 (9th Cir. 1999). Thus, Alegria-Gonzalez was not entitled to a downward departure. Therefore, the court finds that his counsel was not constitutionally deficient for failing to raise this argument at sentencing. Accordingly, the court shall deny Alegria-Gonzalez's motion to vacate or correct his sentence.

IT IS THEREFORE ORDERED that defendant's motion to vacate or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. #32) is DENIED.

IT IS SO ORDERED.

DATED this 29th day of March, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE